**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM NEIDINGER, ) | 3:13-cv-00491-LRH-WGC |
| Plaintiff, ) | **REPORT & RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| DAVID CLIFTON, ) | |
| Defendant. ) | |

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1),[1] and pro se complaint (Doc. # 1-1).

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's financial affidavit reveals that he is unable to pay the filing fee.

---
[1] Refers to court's docket number.

As a result, Plaintiff's application to proceed in forma pauperis (Doc. # 1) should be **GRANTED**.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff has filed a complaint seeking emergency preliminary injunctive and declaratory relief against Judge David Clifton related to the issuance of an order prohibiting Plaintiff from advertising his handyman services after he was found guilty of engaging in a contractor business without a valid contractor's license. (Doc. # 1-1.) First, Plaintiff avers that he was not apprised of the elements of the claim against him, denying him his due process rights. (*Id.* at 4.) Next, he contends that Judge Clifton exceeded the scope of his authority in ordering Plaintiff not to advertise his services. (*Id.*) Third, Plaintiff claims he was initially charged with violating Nevada Revised Statute 624.700 but was tried and convicted for violating Nevada Revised Statute 624.720, depriving him of his due process rights. (*Id.*) It appears that he seeks an emergency order that Judge Clifton's order not be implemented. (*Id.*)

Plaintiff attaches various documents to his complaint, including a criminal misdemeanor judgment entered on March 26, 2013. (Doc. # 1-1 at 7.) The document states that Plaintiff pleaded not guilty and was tried and found guilty of engaging in a contracting business or submitting a bid without a valid contractor's license, a violation of NRS 624.700. He was ordered to be imprisoned for 180 days, but that sentence was suspended on condition that Plaintiff pay various fines and assessments and perform sixty-four hours of community service. In addition, he was ordered to cease from unlawful

3

1  advertising or actions as a contractor in violation of chapter 624 of the Nevada Revised Statutes. In the
2  event of a violation, he was ordered to be detained and brought before the court.

3        Next, Plaintiff has attached an order to show cause issued by the Reno Justice Court on August
4  13, 2013, stating that Plaintiff violated the condition of his release of unlawful advertising as a
5  contractor and was ordered to appear on August 27, 2013, to show cause why he should not be held in
6  contempt of court or revoked and the original sentence imposed. (Doc. # 1-1 at 8-9.)

7  **C. Analysis**

8        It appears that the relief Plaintiff is seeking is to overturn his criminal misdemeanor conviction
9  or have the federal court otherwise inject itself into his state court proceedings.

10       If Plaintiff were seeking civil damages, it is clear that he could not proceed against Judge Clifton
11 because a judge is entitled to absolute judicial immunity when the allegations relate to actions taken
12 within the jurisdiction of the court. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

13       Plaintiff apparently only seeks injunctive relief; however, his action is nonetheless barred by
14 the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is a well-established jurisdictional rule
15 that prevents federal courts from second-guessing state court decisions by barring lower federal courts
16 from hearing *de facto* appeals from state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S.
17 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Bianchi v. Fylaarrsdam*, 334 F.3d
18 895 (9th Cir. 2003); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("If a federal plaintiff asserts as
19 a legal wrong an allegedly erroneous decision made by a state court, and seeks relief from a state court
20 judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district
21 court.").

22       It is immaterial that Plaintiff frames his federal complaint as a constitutional challenge to the
23 state court's decisions, rather than as a direct appeal of those decisions. *See Bianchi*, 334 F.3d at 898,
24 n. 4. *Rooker-Feldman* prevents lower federal courts from exercising jurisdiction over nay claim that is
25 "inextricably intertwined" with a state court's decision, even where the plaintiff does not directly
26 challenge the state court's rulings, but brings an indirect challenge based on constitutional principles.
27 *See id*. Therefore, Plaintiff's action should be dismissed with prejudice.

28

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The movant herein should be permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(2) The Clerk be instructed to **FILE** the complaint (Doc. #1-1); and

(3) The complaint be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: October 16, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE