UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM NEIDINGER,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>DAVID CLIFTON,<br><br>　　　　　　　　　　　　Defendant. | Case No. 3:13-cv-00491-MMD-WGC<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

　　　　Before the Court is Magistrate Judge William Cobb's Report and Recommendation ("R&R") (dkt. no. 3), regarding Plaintiff William Neidinger's Complaint and application to proceed *in forma pauperis*. (Dkt. no. 1.) Plaintiff filed an objection on October 30, 2013. (Dkt. no. 4.)

　　　　This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no

objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

The Complaint asks for emergency preliminary and injunctive relief to halt enforcement of a state court judgment that prohibits Plaintiff from advertising his handyman services. (*See* dkt. no. 1-1 at 5.) Plaintiff attaches the relevant criminal misdemeanor judgment, which says that Plaintiff was tried and found guilty of engaging in a contracting business or submitting a bid without a valid contractor's license in violation of NRS 624.700. (*See id.*, Attachment #1.) The R&R found that, though Plaintiff frames the Complaint as a constitutional challenge, his claims are "inextricably intertwined" with a state court decision and thus the Court is barred from exercising jurisdiction over this case under the *Rooker-Feldman* doctrine. (Dkt. no. 3 at 4.) After consideration of the record and Plaintiff's objection, the Court agrees with the R&R and finds that this action is barred by the *Rooker-Feldman* doctrine. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003) ("[] *Rooker-Feldman* bars federal adjudication of any suit in which a plaintiff alleges an injury based on a state court judgment and seeks relief from that judgment, not only direct appeals from a state court's decision.") (citations omitted).

It is hereby ordered that the R&R (dkt. no. 3), is accepted and adopted in full. Plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is granted and this action is dismissed with prejudice.

The clerk is ordered to file the Complaint and close the case.

DATED THIS 20th day of November 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE